IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30074
Summary Calendar
_____


JOE ELLISON,

                                        Petitioner-Appellant,

                    versus

ED C. DAY, Warden, ET AL.,

                                        Respondents-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CV-2288)
_____
( July 14, 1995 )

Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Joe Ellison argues in this appeal from the dismissal of his
petition for federal habeas relief pursuant to 28 U.S.C. § 2254
that he was denied due process in the Louisiana state courts during
his multiple offender adjudication, because, before reading to him
the Bill of Information and advising him of his rights, the
prosecutor and defense counsel entered into a stipulation that he

_____

    [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

was the same person who had been previously convicted as alleged in the multiple bill. Ellison acknowledges that he was advised of his rights before he admitted the allegations of the multiple bill, and that he admitted the allegations in the multiple bill after it was read to him. Ellison argues, however, that this did not remedy the alleged constitutional violation. Ellison argues that his plea was involuntary because his guilt had been established by the stipulation between counsel. Ellison also argues that the state courts denied him due process by failing to recognize sua sponte error patent on the record.

A review for error patent on the record is a state law appellate procedure predicated on a state statute. Ellison's underlying argument is based on the trial court's alleged violation of a state law, La. Rev. Stat. Ann. 15:529.1(D), which provides that a party charged under a multiple bill is entitled to be advised of his right to a hearing during which the State is required to prove its allegations against him and of his right to remain silent. A failure to comply with state law requirements presents a federal habeas issue only if it involves a federal constitutional issue. See Smith v. McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986).

In ascertaining whether a federal habeas petitioner has been afforded due process at his arraignment on a multiple offender bill, we look to the totality of circumstances to determine whether the petitioner was aware of his rights. See Johnson v. Puckett,

-2-

930 F.2d 445, 449 n.3 (5th Cir.), <u>cert. denied</u>, 112 S.Ct. 252 (1991).

At Ellison's sentencing hearing, the prosecutor advised the court that a multiple offender bill had been filed against Ellison. Defense counsel stated that "we can make a stipulation from the factual standpoint[,]" and the prosecutor agreed.  It appears from their statements that defense counsel was aware of the multiple bill charge and that the prosecutor would be addressing it at the sentencing hearing.  While counsel were discussing the stipulation, the trial court interrupted and stated that Ellison's rights should be read to him prior to any further proceedings.  Counsel agreed, but defense counsel also stipulated on the record that Ellison had been previously convicted of armed robbery.   The trial court reiterated that it would read Ellison his rights prior to receiving such stipulations:  "I want him to be sworn and I want to read him this, and then you can do all these stipulations."

Ellison was placed under oath.   The trial court advised Ellison that he had been charged as a multiple offender and the multiple bill was read to Ellison.  The court advised Ellison that the State was required to prove that he was the same person convicted in the cases named in the multiple bill and that he was entitled to a formal hearing at which time the State would be required to prove the allegations.  The court also advised Ellison that he had the right to deny the allegations in the bill or the

right to remain silent. Ellison, after conferring with his attorney, then admitted the allegations in the multiple bill.

The record reflects that Ellison was informed of the allegations in the multiple offender bill and was also advised of his right to dispute such allegations, or to remain silent, prior to his personal admission of the correctness of the allegations in the multiple bill. Ellison did not dispute that he was the individual described in the multiple bill at the hearing nor did he make such a claim in his habeas petition. Ellison has not alleged that he was unaware of the consequences of his plea. The totality of the circumstances surrounding the plea demonstrates that Ellison "knew what he was admitting and intended to admit it." See Lee v. Whitley, No. 93-3791, slip op. at 4 (5th Cir. June 28, 1994). The record reflects that Ellison was not denied due process and that his plea was not rendered involuntary because his counsel agreed to stipulate that he was the individual named in the multiple bill. Although Ellison argues that his rights were read "too late," after the stipulation was entered, the trial court did not accept the stipulation until after those rights were read.

In State v. Griffin, 525 So.2d 705, 706-07 (La. Ct. App. 1st Cir. 1988), a case relied upon by Ellison, the defendant stipulated to the provisions of the multiple bill as a part of his plea agreement and at a subsequent hearing, the defendant, his counsel, and the prosecutor stipulated that the multiple offender charges were correct. The state appellate court determined that there was

error patent on the record because the trial court failed to advise the defendant of the specific allegations in the multiple offender bill or of his right to a contradictory hearing or to remain silent prior to obtaining the stipulations. Id. at 707. Ellison argues that the facts in Griffin are identical to those in his case because Griffin was not advised of his rights prior to entering the stipulation. Griffin is distinguishable from Ellison's case because the trial court did not advise the defendant of his rights at any time prior to his personally admitting the allegations in the multiple bill.

Ellison also relies on State v. McIntyre, 496 So.2d 1204, 1207 (La. Ct. App. 5 Cir. 1986), in which the appellate court determined that there was error patent on the record because the trial court failed to advise the defendant of his right to remain silent prior to his admission that he was the individual named in the multiple bill. McIntyre is also distinguishable from this case because Ellison was advised of his right to remain silent.

Because Ellison failed to demonstrate constitutional error, the state court did not have grounds for finding error patent on the record and the district court had no basis for granting § 2254 relief.

For the reasons given herein, the judgment of the district court is

A F F I R M E D.